FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 JUN -9 PM 1: 12
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIE LEE GARDNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 605-037 |
| EMANUEL PROBATION DETENTION CENTER, SERGEANT WOODS, FNU JONES, FNU HESTER, FNU HOOKS, FNU VANBUREN, FNU LANIER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Willie Lee Gardner, an inmate currently confined at the Emanuel Probation Detention Center in Twin City, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Gardner v. Gobbil, CV 504-025, doc. no. 8, *adopted by* doc. no. 9 (S.D. Ga. Jun. 6, 2004)(dismissed for failure to state a claim); (2) Gardner v. Ware County Jail, CV 500-025, doc. no. 4 (S.D. Ga. Apr. 20, 2000)(dismissed for failure to prosecute);[2] (3) Gardner v. Ware County Jail, CV 599-063, doc. no. 6, *adopted by* doc. no 8 (S.D. Ga. July 23, 1999)(dismissed for failure to state a claim).

In each of these cases, Plaintiff filed a complaint or appeal that was dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

[2] The Eleventh Circuit has determined a dismissal for abuse of the judicial process "is precisely the type of strike that Congress had in mind when drafting section 1915(g)." Rivera, 144 F.3d at 731. Plaintiff's failure to prosecute his case in CV 500-25 qualifies as an abuse of the judicial process and thus constitutes a "strike" under 28 U.S.C. § 1915(g).

2

otherwise qualified as a strike for abuse of the judicial process. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of "imminent danger" at the time of filing this lawsuit. Plaintiff alleges, *inter alia,* that certain defendants threatened him and yelled at him on April 14, 2005, that the defendants constantly write disciplinary reports against him, that the defendants are improperly deducting money from his inmate trust account, and that the detention center is too hot and needs air conditioning. (Doc. no. 1, pp. 5-6). In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### C. Dishonesty in Complaint

Moreover, the "Form to Be Used by Prisoners In Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have begun other lawsuits in state or federal court dealing with the same facts as those currently raised, whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3). In his complaint,

3

Plaintiff declared, under penalty of perjury, that he has never brought any other lawsuit in federal court while incarcerated. (Id. at 2). Plaintiff also declared that he has never had any federal lawsuit dismissed as frivolous, malicious, or for failure to state a claim. (Id. at 3).

Of course, as noted above, Plaintiff has indeed filed cases in this Court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Simply put, Plaintiff's answers to these questions regarding his prior history of filings are improper. Not only did he fail to disclose all of his previous federal cases, but he lied, under penalty of perjury, about filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3] Thus, even if the Court were to allow Plaintiff to proceed IFP, his case would be subject to a recommendation of dismissal based on his abuse of the judicial process by lying about his prior filing history.

### III. CONCLUSION

---

[3] The practice of dismissing a case as a sanction for lying in a complaint has also been previously utilized in the Southern District. See Shaw v. Smith, CV 603-066 (S.D. Ga. May 30, 2003).

4

Based on the foregoing, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP (doc. no. 2) be **DENIED** and that this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 7th day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Willie Lee Gardner, Pro-se

CASE NO: CV605-037

DATE SERVED: June 9, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate